UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

CURTIS SMITH                                                                                          PLAINTIFF

v.                                                                              CIVIL ACTION NO. 5:21-cv-P35-TBR

COOKIE CREWS et al.                                                                              DEFENDANTS

**MEMORANDUM OPINION**

*Pro se* Plaintiff Curtis Smith filed this prisoner civil-rights action pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the complaint will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff, an inmate at the Kentucky State Penitentiary (KSP), sues Kentucky Department of Corrections (KDOC) Commissioner Cookie Crews and the following KSP employees: Warden Scott Jordan, Frederick Rogers, Brittany Fraliex, William Simpson, and Tammie Hutchinson.[1] All Defendants are named in their official and individual capacities.

The complaint alleges that on September 3, 2020, Plaintiff was "intentionally subjected to a prison adjustment hearing" by Defendants Rogers, Fraliex, and Simpson that violated the requirements set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and KDOC policy in violation of his Fourteenth Amendment rights. He alleges that Defendant Jordan is liable because, as the Warden, it is his responsibility to manage the prison. He further alleges that Defendant Crews is liable as the KDOC Commissioner because she is responsible for the

---

[1] The complaint also contained claims against a number of employees at the Green River Correctional Complex where Plaintiff was previously incarcerated. The Court severed those claims from this action pursuant to Fed. R. Civ. P. 21. *See* DN 10.

operation of all of the prisons. Finally, he alleges that on numerous occasions Defendant Hutchinson arbitrarily denied him and other segregated prisoners at KSP equal access to KSP's "prisoners' law library program and its services[.]"

As relief, Plaintiff requests compensatory and injunctive relief, as well as immediate release from segregation to general population and the "return of plaintiff's wrongfully forfeited none restorable good time credits[.]"

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A. Claim related to prison adjustment hearing

Plaintiff alleges that he was "intentionally subjected to a prison adjustment hearing" by Defendants Rogers, Fraliex, and Simpson that did not conform to the requirements set forth in *Wolff v. McDonnell* and KDOC policy in violation of his Fourteenth Amendment rights. In *Wolff*, the Supreme Court held that prison disciplinary proceedings must meet minimal due

process requirements by (i) giving inmates advance written notice of charges at least 24 hours prior to the disciplinary hearing; (ii) allowing the inmate to call witnesses and present documentary evidence in the inmate's defense; and (iii) providing the inmate with a written statement of evidence relied on by the disciplinary board and the reasons for the disciplinary action. *Wolff*, 418 U.S. at 563-69.

Although Plaintiff claims that the hearing procedure he was provided was inadequate under *Wolff*, he makes no attempt to identify which, if any, of the three due-process requirements was unmet. He also refers to KDOC policy having been violated. However, an alleged failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation. *See Laney v. Farley,* 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Barber v. City of Salem,* 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett,* No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (holding that failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectable liberty interest). Accordingly, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

### B. Claims against Defendants Crews and Jordan

Plaintiff alleges that Defendant Crews, by virtue of being in charge of all of the prisons, and Defendant Jordan, because he is the warden, are liable. However, § 1983 liability cannot be imposed under a theory of *respondeat superior*. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008). Instead, "proof of personal involvement is required for a supervisor to incur personal liability." *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy v.*

*Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Plaintiff has not alleged that these Defendants committed any actual acts or acquiesced in the conduct of their employees. Consequently, the claims against them will be dismissed for failure to state a claim.

### C. Claim related to law library access

Plaintiff alleges that Defendant Hutchinson arbitrarily denied him and other segregated prisoners at KSP "equal access to the prison facility's prisoners' law library program and its services, or to any access of same." It is unclear whether Plaintiff is intending to raise an equal-protection claim or a claim related to being denied access to the library. The Court will consider both.

The Equal Protection Clause seeks to ensure that similarly situated people are treated alike. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). It "'does not require things which are different in fact or opinion to be treated in law as though they were the same.'" *Plyler v. Doe*, 457 U.S. 202, 216 (1982) (citation omitted). Here, Plaintiff complains about the access to the law library for segregated prisoners like himself but does not identify another group that was treated more favorably. To the extent that Plaintiff may be alleging that general population prisoners are given more law library access, the complaint fails to state a viable equal-protection claim because it fails to provide allegations demonstrating that segregated prisoners are similarly situated enough to general population prisoners to require similar law library rights. *See Fogle v. Pierson*, 435 F.3d 1252, 1261 (10th Cir. 2006) (affirming dismissal as frivolous a prisoner's equal protection claim because administrative segregation inmates are not similarly situated to general population inmates for equal protection analysis); *Dupont v. Dubois*, No. 96-1459, 1996 WL 649340, at *3 (1st Cir. Nov. 6, 1996) (per curiam) (holding that inmate's 'bare allegation' that the more restrictive law library access rules placed on

Departmental Disciplinary Unit (DDU) inmates compared to other inmates in disciplinary segregation did not state an equal protection claim where he failed to establish that the other inmates he referred to were situated similarly enough to DDU inmates to require similar law library rights).

Prisoners do not have a right to a law library but do have a constitutional right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). "[M]eaningful access will vary with the circumstances," and officials are to be accorded discretion in determining how that right is to be administered. *John L. v. Adams*, 969 F.2d 228, 233-34 (6th Cir. 1992); *Bounds*, 430 U.S. at 830-31. "The inquiry is [ ] whether law libraries or other forms of legal assistance are needed to give prisoners a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds*, 430 U.S. at 825.

To state a claim for a denial of access to the courts, therefore, a prisoner will have to demonstrate actual prejudice to pending litigation that challenges his sentence or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 351, 355 (1996). That is, there must be an actual injury, and no actual injury occurs without a showing that such a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Id*. at 356; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (stating that an inmate must show, "for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim"). "[T]he underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

In this case, Plaintiff fails to allege any actual injury to past or pending litigation as a result of not having access to the law library programs. Consequently, he fails to state a constitutional claim related to law library access.

### III. CONCLUSION

For the foregoing reasons, by separate Order, the Court will dismiss the instant action.

Date: August 13, 2021

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
     Defendants
4413.009